IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01581–RBJ–KMT

LARRY DONNELL BOGARD,

    Plaintiff,

v.

MRS. R.L. HUTCHINGS,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion Requesting that the Court Reconsider Plaintiff['s] Motion for Appointment of Counsel Pursuant to 28 U.S.C. § 1915(e)(1)" (Doc. No. 10, filed July 9, 2012). The plaintiff seeks appointment of counsel to represent him in this matter.

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights case. Unlike a criminal defendant, a plaintiff in a civil case has no constitutional right to appointed counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). Rather, a court has discretion to request volunteer counsel for a civil litigant proceeding *in forma pauperis*, pursuant to 28 U.S.C. § 1915. *Id.*; *see also Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-02 (1989). Section 1915(e) provides, "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has

directed district courts to evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual and legal issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.1995)).

In his Complaint, Plaintiff alleges the defendant violated his First Amendment rights. Plaintiff now argues that he should be appointed counsel "based on the merits of plaintiff's claim, plaintiff['s] ability to present case, complexity of legal issues, likelihood that witnesses credibility will be at issue in case, and need for expert witnesses, and whether evidnece will consist in large part of conflicting testimony." However, imprisonment and limited knowledge of the law are not unique and do not constitute special circumstances requiring the appointment of counsel. Moreover, the factual and legal issues in this case are not particularly complex, novel or difficult to analyze. Plaintiff has demonstrated an ability to communicate the bases of his claims to the court in his complaint. Given the liberal standards governing *pro se* litigants, it appears that Plaintiff can adequately present his case without the assistance of counsel. On balance, these considerations weigh against an appointment of counsel. Consequently, it is

ORDERED that the motion (Doc. No. 10) is DENIED.

Dated this 12th day of September, 2012.

BY THE COURT:

*[signature]*

Kathleen M Tafoya
United States Magistrate Judge