IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01581–KMT

LARRY DONNELL BOGARD,

    Plaintiff,

v.

MRS. R.L. HUTCHINGS,

    Defendant.

## ORDER

This case involves claims that Defendants violated Plaintiff's civil rights. This matter is before the court on "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & Fed. R. Civ. P. 12(c)" (Doc. No. 63 [Mot.], filed August 23, 2013), to which Plaintiff filed his response on October 7, 2013 (Doc. No. 76 [Resp.]) and Defendant filed her reply on November 8, 2013 (Doc. No. 81 [Reply]). This matter is ripe for ruling.

### STATEMENT OF THE CASE

The following description is taken from Plaintiff's Complaint. (Doc. No. 1 [Compl.], filed June 18, 2013.) Plaintiff asserts jurisdiction under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.* at 3.) At the time of the alleged violations, Plaintiff was an inmate at the ADX in Florence, Colorado, and Defendant worked for the Food Service Department. (*Id.* at 2, 4.) Plaintiff asserts one claim for violations of his First

Amendment rights. (*Id.* at 7.) Plaintiff sues the defendant in her individual capacity only. (*Id.* at 10.) Plaintiff alleges on April 21, 2011, he approached the defendant in the Federal Prison Camp ("FPC") parking lot. (*Id.*) Plaintiff states the defendant asked him for his ID card and told Plaintiff he would be taken off the compound and written up for stalking the defendant's staff in food service. (*Id.*) Later that day, Plaintiff received an incident report and was placed in the Special Housing Unit ("SHU"). (*Id.*) Plaintiff alleges while he was waiting to be placed in SHU, a lieutenant at the FPC told Plaintiff that the defendant was mad at him for filing two grievances against staff in the food service. (*Id.*) Plaintiff states the defendant filed a false disciplinary report and made false statements in her report in retaliation for his filing grievances in violation of his First Amendment rights. (*Id.* at 9.) Plaintiff seeks compensatory and punitive damages and injunctive relief. (*See id.* 9, 10, 15.)

## LEGAL STANDARD

### 1.     Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### 2. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

*3.      Judgment on the Pleadings 12(c)*

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005);  *Shepard v. Applebee's Int'l, Inc.*, Case No. 08-2416-KHV, 2010 WL 1418588, *1 (D. Kan. Apr.7, 2010) (*citing Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160(10th Cir. 2000). Thus, a court must "accept all the well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* (internal quotation marks and citation omitted); *Ramirez v. Dep't of Corrs.*, 222 F.3d 1238, 1241 (10th Cir. 2000).  "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting

*United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).  Fed. R. Civ. P. 12(d) further provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Hence, under Rule 12(c), a court should consider only matters referred to or incorporated by reference in the pleadings or attached to the answer or complaint.  *Park Univ. Enters., Inc.*, 442 F.3d at 1244; *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).  Pursuant to Rule 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial.  Fed. R. Civ. P. 12(c).

## ANALYSIS

Defendant moves to dismiss Plaintiff's claims for compensatory damages for failure to state a claim upon which relief can be granted.  (Mot. at 4–5.)  Defendant moves to dismiss Plaintiff claims for injunctive relief for lack of subject matter jurisdiction.  (Mot. at 5–7.)  Defendant also moves to dismiss Plaintiff's claims because she is entitled to qualified immunity.  (*Id.* at 7–9.)

### 1.     Bivens *Remedies*

Defendant argues that Plaintiff may not assert a *Bivens* claim for damages based on an alleged violation of the First Amendment.  (*See* Mot. at 5.)  The Supreme Court has not recognized a *Bivens* claim for damages based on an alleged violation of the First Amendment.  Indeed, the Supreme Court has refused explicitly to acknowledge that federal prisoners may bring a claim for monetary damages based on an alleged First Amendment violation.  *See, e.g.,*

*Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (noting that the Court has "declined to extend *Bivens* to a claim sounding in the First Amendment"); *Bush v. Lucas*, 462 U.S. 367, 390 (1983) (in addressing a First Amendment retaliation claim by a federal employee against a supervisor, the Court refused to recognize a right to seek damages for a First Amendment violation under *Bivens*, noting availability of alternative remedies). *See also Williams v. Klien*, — F. Supp. 2d —, No. 12-cv-01580-REB-BNB, at *2–3 (D. Colo. Feb. 24, 2014) (dismissing plaintiff's First Amendment claim for damages); *Blackman v. Torres*, No. 11-cv-02066-REB-BNB, 2013 WL 941803, at *1–2 (D. Colo. Mar. 11, 2013) (dismissing plaintiff's First Amendment claim for compensatory and punitive damages). Instead, prisoners may pursue claims for injunctive relief based on an alleged violation of the First Amendment. *See Corr. Services Corp. v. Malesko*, 534 U.S. 61, 74, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001) (federal inmate who may not assert *Bivens* claim for damages against private prison contractor may bring suit in federal court for injunctive relief and file grievances using Bureau of Prisons administrative remedy program).[1]

In response to Defendant's motion, Plaintiff argues his First Amendment *Bivens* claim survives because he seeks nominal and punitive damages. (*See* Resp. at 6.) However, in support of this argument, Plaintiff cites the Prison Litigation Reform Act ("PLRA")**,** 42 U.S.C. §

---

[1]The court notes that the United States Court of Appeals for the Tenth Circuit has recognized the viability of a First Amendment retaliation claim by a prison inmate. *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991) (federal prisoner alleging job transfer in retaliation for filing grievances states a claim) ( citing *Frazier v. Dubois*, 922 F.2d 560, 561–62 (10th Cir. 1990) (prison officials do not have discretion to punish federal prisoner for exercising First Amendment rights by transferring prisoner to different institution). However, these cases do not address directly the question of whether such a claim may be brought as a *Bivens* claim for damages.


1997e(e), which bars recovery for mental or emotional injury damages absent an allegation of physical injury,[2] but which does not bar recovery of nominal damages, punitive damages, or declaratory or injunctive relief. 42 U.S.C. § 1997e(e); *See Searles v. Van Bebber*, 251 F.3d 869, 881 (10th Cir. 2001) (noting that punitive damages may be awarded for constitutional violations without a showing of compensable injury); *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 808 (10th Cir. 1999). Thus, § 1997e(e) deals only with the limitations on recovery in prisoner suits in the absence of a physical injury. While it is possible, therefore, that Plaintiff may be able to seek nominal, punitive, or injunctive relief in the absence of a physical injury on a claim that is not otherwise barred, § 1997e(e) is inapplicable to a claim such as the one brought in this case that is barred as a matter of law.

Defendant's motion to dismiss is granted as to Plaintiff's First Amendment claim for damages.

### *2.     Injunctive Claims are Moot*

Defendant also moves to dismiss Plaintiff's claims for injunctive relief as moot. (Mot. at 5–7.) In his Complaint, the plaintiff seeks a permanent injunction ordering the defendant not to come in contact with the plaintiff. (Compl. at 15.)

Plaintiff's claims are related to Defendant's alleged actions or inactions while Plaintiff was housed ADX in Colorado. However, Plaintiff has since moved to the United States

---

[2]It is undisputed that Plaintiff does not allege a physical injury. (*See* Resp. at 6.)

Penitentiary in Leavenworth, Kansas.³  (Doc. No. 86.)  Plaintiff's transfer to another facility renders his claims for injunctive relief moot.  *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (prisoner's transfer mooted his claim for injunctive relief as a judgment in the prisoner's favor "would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him").

Plaintiff argues that there is a chance he may be transferred back to ADX at some point because the BOP is "over packed and inmates are being moved and transfer[red] to different institutions every day. . . ."  (Resp. at 5.)  However, Plaintiff has failed to demonstrate a good chance of being injured in the same way by the same defendant.  As there is no reasonable expectation that Plaintiff will be subjected to the alleged conduct again, this is not the type of claim to which an exception to the mootness doctrine applies.  *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (recognizing exception to the mootness doctrine where there is a "reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party") (internal quotation marks and citation omitted); *McAlpine v. Thompson*, 187 F.3d 1213, (10th Cir. 1999) ("a plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future").  *See also McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (holding that a prisoner's transfer to a different jail moots his claim for

---

³Plaintiff previously was moved from ADX to the Satellite Prison Camp in Tucson, Arizona in March 2013.  (Doc. No. 48.)

declaratory and injunctive relief even when prisoner argues that "there is no assurance that he will not be returned to the [first] jail").

Plaintiff's claim for injunctive relief is dismissed on the basis of mootness for lack of jurisdiction.

### 3.     *Qualified Immunity*

Defendant also raises the defense of qualified immunity to Plaintiff's claims.  Whether a defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).  To overcome the defendant's claim of qualified immunity, the plaintiff must establish that the defendant's actions violated a constitutional or statutory right of the plaintiff's and that the right at issue was clearly established at the time of the defendant's alleged unlawful conduct.  *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995).  "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.*  "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry.  *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

The plaintiff has not established that the defendant violated Plaintiff's constitutional or statutory rights.  Therefore, Defendant Hutchings is entitled to qualified immunity as to Plaintiff's claims against her.

Therefore, for the foregoing reasons, it is

**ORDERED** that "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & Fed. R. Civ. P. 12(c) (Doc. No 63) be GRANTED as follows:

1. Plaintiff's First Amendment claim for damages is dismissed with prejudice;

2. Plaintiff's claims for injunctive relief are dismissed without prejudice for lack of jurisdiction; and

3. Defendant is entitled to qualified immunity;

4. This case is dismissed in its entirety, and all other pending motions are denied as moot; and

5. Judgment shall enter on behalf of Defendant and against Plaintiff.

Dated this 12th day of March, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge